

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 6, 2022

**BY ECF**

The Honorable John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Ryan Murdock*, 22 Cr. 30 (JGK)

Dear Judge Koeltl:

      The Government respectfully submits this letter in advance of the July 14, 2022 sentencing of the defendant, Ryan Murdock. The Government respectfully submits that a sentence below the stipulated Guidelines range of 51 to 63 months' imprisonment is sufficient but not greater than necessary to serve the purposes of sentencing.

**I.   OFFENSE CONDUCT AND RELEVANT CRIMINAL HISTORY**

      Between March 2020 and June 2020, the defendant participated in a scheme to use personal identifying information ("PII") of others in order to try to fraudulently obtain over $2.4 million in COVID-19 unemployment benefits (the "Scheme"). (PSR ¶¶ 8-11, 20-22). In October 2020, law enforcement officers stopped the defendant and another person in a vehicle. (PSR ¶¶ 12-13). From that vehicle, officers recovered: a U.S. passport card in the name of a victim of identity theft; 22 prepaid debit cards in the names of victims of identity theft; and a ledger that contained PII of multiple victims. (PSR¶¶ 14-16). Using the information from that evidence, as well as the defendant's own PII, law enforcement was able to link fraudulent COVID-19 claims connected to those 22 cards to approximately 170 other fraudulent claims that were part of the Scheme. (PSR ¶¶ 20-21).

      In addition, other evidence showed the defendant's personal participation in multiple aspects the Scheme. He was seen on surveillance video picking up mail from a mailbox that was used as the address for at least 24 false COVID-19 claims. (PSR ¶¶ 17-18). From at least July 2020 through October 2020, he was caught on ATM surveillance video using COVID-19 debit cards in the names of two of the victims identified from the debit cards found in the car the defendant was arrested in. (PSR ¶ 19). In total, the defendant and his coconspirators fraudulently obtained over $800,000 in COVID-19 benefits. (PSR ¶ 21).

## II.   GUILTY PLEA AND APPLICABLE GUIDELINES RANGE

On January 13, 2022, the defendant waived indictment and pleaded guilty to the sole count of the Information pursuant to a plea agreement (the "Plea Agreement").  The count of conviction, wire fraud, carries a maximum term of imprisonment of twenty years, a maximum term of supervised release of three years, a maximum fine, pursuant to Title 18, United States Code, Section 3571, of the greatest of $250,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to persons other than the defendant resulting from the offense, and a $100 mandatory special assessment.

In the Plea Agreement, the parties stipulated that the defendant's base offense level is 20 pursuant to U.S.S.G. § 2B1.1. The parties stipulated to an intended loss amount of $2,452,420, for which a 16-level increase is warranted, pursuant to U.S.S.G. § 2B1.1(b)(1)(I). Because the offense involved 10 or more victims, a 2-level increase is warranted, pursuant to U.S.S.G. § 2B1.1(b)(2)(A).  Because the offense involved the unauthorized transfer or use of any means of identification unlawfully to produce or obtain any other means of identification, a 2-level increase is warranted, pursuant to U.S.S.G. § 2B1.1(b)(11)(C)(i). After a three-level decrease for acceptance of responsibility, the defendant's total offense level is 24. The parties further stipulated that the defendant has zero criminal history points and therefore is in Criminal History Category I, resulting in an applicable Guidelines range of 51 to 63 months' imprisonment (the "Stipulated Guidelines Range"). The Probation Department calculated the same total offense level (PSR ¶ 45), Criminal History Category (PSR ¶ 48), and Guidelines Range (PSR at 19).

## III.   DISCUSSION

### A.   Applicable Law

The Sentencing Guidelines provide strong guidance to sentencing courts after *United States v. Booker*, 543 U.S. 220 (2005). Because the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions," *Gall v. United States*, 552 U.S. 38, 46 (2007), district courts must treat the Guidelines as the "starting point and the initial benchmark" in sentencing proceedings. *Id.* at 49.

After making that calculation, the Court must consider the factors outlined in 18 U.S.C. § 3553(a), which provides that a sentencing "court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection," and sets forth seven specific considerations:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established [in the Guidelines];

(5) any pertinent policy statement [issued by the Sentencing Commission];

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

### B. The Court Should Impose a Below-Guidelines Sentence

In this case, the combination of the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, and to afford adequate deterrence to criminal conduct, weighs in favor of a substantial term of imprisonment, but one that is below the Stipulated Guidelines range of 51 to 63 months' imprisonment.

A substantial term of imprisonment is necessary to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment. The defendant participated in a scheme that attempted to fraudulently obtain over $2.4 million in COVID-19 UI benefits. Although the Government cannot determine the precise amount of that fraud that is personally attributable to the defendant himself, as opposed to his coconspirators, the evidence shows that his personal participation in the offense was substantial and ongoing. He was in possession of PII, of COIVD-19 debit cards, of false identity documents, and was seen on surveillance video picking up fraudulently obtained benefits cards and using them at ATMs. As the Probation Office notes, the impact of this offense is felt not just on the Department of Labor, but on the individual victims whose identities were stolen and used for this purpose. (PSR at 20). This kind of fraud was widespread, difficult to detect and prosecute, and therefore both general and specific deterrence are served by a substantial sentence.

By contrast, the defendant's history and characteristics counsel in favor of a sentence below the Guidelines range. He has no known prior criminal history. His family is supportive. His restitution obligations are substantial. And, given the number of likely participants in this Scheme, it would likely be more than necessary for § 3553(a) purposes to require the defendant to bear the entirety of the loss amount in fashioning an appropriate sentence. For these reasons, Probation too recommends a below-Guidelines sentence of 42 months' imprisonment. (*Id.*).

## IV.  CONCLUSION

      For the reasons set forth above, the Government respectfully requests that the Court impose a sentence below the applicable Guidelines Range of 51 to 63 months' imprisonment, such as the 42 months' sentence recommended by Probation.

                            Respectfully submitted,

                            DAMIAN WILLIAMS
                            United States Attorney

                  by:   /s/
                            Matthew R. Shahabian
                            Assistant United States Attorney
                            (212) 637-1046

Cc:    Joshua D. Kirshner, Esq. (by ECF)